IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV353-MU

| | |
|---|---|
| ALEX VINSON,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF CHARLOTTE, NORTH CAROLINA,<br> and the CHARLOTTE-MECKLENBURG<br>POLICE DEPARTMENT, A MUNICIPAL<br>CORPORATION,<br><br>    Defendant. | ORDER |

    This matter is before the court upon the Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    Plaintiff, a former police officer employed by the Defendant, filed this action alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq*. and of the Civil Rights Act of 1866 and 1991, 42 U.S.C. §1981a. Plaintiff was hired as a patrol officer with the Defendant on September 2, 1980. On November 28, 2005 he filed an EEOC Charge alleging that he had been subjected to discrimination based upon his race (black). After an investigation by the EEOC, Plaintiff was issued a Right to Sue Notice on May 18, 2006.

    Plaintiff filed his Complaint on August 15, 2006. The Complaint alleges that Plaintiff has been subjected to a racially hostile work environment throughout his employment with the Defendant. The Complaint also alleges that Plaintiff was subjected to different terms and

conditions of employment, that he was denied promotions and assignments, and that he was subjected to a racially hostile disciplinary process, and that he was retaliated against when he complained about discriminatory practices. He also alleges that the Defendant has given preferential treatment and employment opportunities to white employees and has limited the employment opportunities for black employees. Plaintiff seeks compensatory and punitive damages as well as injunctive and declaratory relief.

Defendant has moved to dismiss pursuant to Rule 12(b)(6), arguing that the allegations in Plaintiff's Complaint fail to allege any facts whatsoever in support of his conclusory allegations of discrimination. A review of the Complaint compels the court to agree. Even with notice pleading, the Plaintiff must allege facts demonstrating that he is entitled to relief. The Complaint herein merely recites the conclusory elements of discrimination claims brought under Title VII and §1981 and is completely devoid of any facts to support those claims. Because the Complaint fails to meet basic notice pleading requirements, it is subject to dismissal.[1]

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby GRANTED. .

Signed: April 19, 2007

Graham C. Mullen
United States District Judge

---

[1] Even if Plaintiff had alleged facts in support of his claim, most of his Title VII claims would nevertheless be procedurally barred because they far exceed the scope of his EEOC Charge. See Chacko v. Paxtuxent Institution, 429 F.3d 505, 509 (4th Cir. 2005).